STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-161
SKS-KEN- 1/10/2001

JAMES G. MORRISSETTE,

    Plaintiff/Counterclaim Defendant

v.

                    ORDER AND JUDGMENT

ELIZABETH C. SOMES,

    Defendant/Counterclaim Plaintiff

This matter comes before the court on the parties' complaint and counterclaim, both of which arise as the result of actions taken following this court's decision in Somes v. Morrissette, CV-98-208. Pursuant to the decision in that case dated May 19, 2000, Somes was declared to have a right-of-way over Morrissette's property to allow her access to her camp and she was awarded damages pursuant to 14 M.R.S.A. § 7552. Somes' motion to amend the damages portion to include the cost of a future survey and installation of a gravel road surface was denied on June 29, 2000.

## Background

As noted, the court's previous judgment confirmed the existence of the right-of-way and stated, "The location of the right-of-way means that the defendant will have to relocate one of his retaining walls and the plaintiff has the right to drive or walk across defendant's lawn between the new house and the lake front." Following the decision, Somes began to exercise the right-of-way and Morrissette,

1

after ascertaining where the Somes' vehicles were traveling, planted two trees in other locations to develop a screen between the two properties. One of these trees may have been located within the right-of-way as designated in the 1999 Wendell Survey, but was not in the area then being used for travel. Morrissette did not remove the retaining wall which encroached on the right-of-way, though it was mentioned in exchanges of correspondence between the parties through their attorneys.

On August 14, 2000, Somes' two sons appeared at Morrissette's property, without warning or notice and while Morrissette was absent, and proceeded to push back the rocks of the retaining wall, scrape up the sod in the right-of-way with the intent of placing a gravel drive and pull down one of the trees Morrissette had planted. These "self-help" efforts on Somes' behalf stopped when word of what was happening got back to Morrissette and the parties' attorneys. Morrissette then applied for and received a temporary restraining order from this court on August 16, 2000. Morrissette now seeks permanent injunctive relief, declaratory judgment as to the use of the right-of-way, damages for statutory and common law trespass and punitive damages. Somes counterclaims for injunctive and declaratory relief and damages. An evidentiary hearing was held and the evidence received during the earlier litigation was incorporated in the present record.

## Discussion

Decision in this matter requires certain specific findings, which the court makes after fully considering all of the evidence as follows:

2

(1)    The right-of-way Somes has over the property of Morrissette, as it existed prior to construction of the Morrissette house, was not a graveled drive. As previously described by the court, "The right-of-way over the land of the defendant and his predecessors which was deeded to the plaintiff and her predecessors was a very humble thoroughfare. Description of the way generally characterize it as two ruts or worn down areas with grass growing between them." Testimony presented at the hearing was in conflict as to the state of the way. However, the court is not convinced by the evidence that the condition of the way was anything more substantial than it described in its first decision.

(2)    The boulders moved from the retaining wall were within Somes' right-of-way and should have been removed by Morrissette as indicated in the previous court decision. Morrissette was alerted, through counsel, that Somes wished to have the retaining wall relocated by August 14, 2000, but that alert did not include a warning that Somes would move the wall herself if Morrissette had not done so.

(3)    It is difficult to determine from the evidence whether the tree Somes had taken down was actually in the right-of-way as located on the Wendell Survey. Whether or not it was in the right-of-way, it was not in the area that Somes had begun using as the right-of-way and was taken down without warning or notice to Morrissette.

Turning to the specific counts, since the court has found that the right-of-way was not a graveled or paved path prior to the Morrissette construction, Somes'

3

attempts to create a graveled drive would be a material change in the surface of the right-of-way creating an added burden on Morrissette's estate. Such added burden is not permitted. *Davis v. Bruk*, 411 A.2d 660, 666 (Me. 1980). Therefore, the court will extend the present injunctive relief (count I) and declare that Somes has no right to alter, deface, injure, remove or otherwise deal with Morrissette's property (count II). However, the court does not find that Somes' actions have created such abuse or overuse of the right-of-way such that she has forfeited it.

When Somes' sons entered the Morrissette property without permission and began to strip the sod from the right-of-way -- which they had no legal right to do -- they committed a common law trespass (count III). Damages will be awarded in the amount of $4,933 to have the right-of-way resodded. Somes will be further ordered not to exercise the right-of-way by taking motor vehicles over that right-of-way for a period of six weeks following the sodding. Damages will not include rearranging the boulders from the retaining wall since that it is an expense which Morrissette would have had to bear under the previous judgment in any event.

The court also concludes that by pulling down the tree on Morrissette's property, Somes violated 14 M.R.S.A. § 7552 (count IV). The statute provides several alternatives for measuring damages, but the only evidence on the subject was that the tree would cost $200 to replace. Since this action was taken "willfully," Morrissette is entitled to treble damages or $600. Morrissette is also entitled to payment of that portion of his attorney's fees attributable to the statutory violation. The court finds that portion to be $3,500.

4

Finally, Morrissette also seeks punitive damages (count V). Although their understanding was mistaken, the Somes took their action with the belief that they were exercising their legal rights. At least with regard to the retaining wall, the argument has some validity. No punitive damages are awarded.

In light of the findings above, judgment will be entered for Morrissette on Somes' counterclaims.

The entry will be:

(1)    Judgment for plaintiff on counts I-IV.

(2)    Defendant and her agents are permanently enjoined from damaging in any way the plaintiff's property and are specifically prohibited from graveling, paving, or otherwise improving a right-of-way across that property. Defendant is enjoined further from exercising her right-of-way for a period of six weeks following sodding of the surface. Defendant shall pay damages to the plaintiff in the amount of $5,533 plus costs and interest and attorney's fees in the amount of $3,500.

(3)    Judgment for the plaintiff on the defendant's counterclaim.

Dated: January 10, 2001

_____
S. Kirk Studstrup
Justice, Superior Court

5

Date Filed __8/15/00__ ____Kennebec____ Docket No. __CV00-161__
County

Action __General Injunctive Relief__

J. STUDSTRUP

James G. Morissette vs. Elizabeth C. Somes

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Peter S. Plumb, Esq.<br>Michael D. Traister, Esq.<br>75 Pearl St., P.O. Box 9785<br>Portland, Maine 04104-5085 | Robert J. Ringer, Jr., Esq.<br>1 Center Street<br>Waterville, Maine 04901-5425 |

| Date of Entry | |
|---|---|
| 8/15/00 | Verified Complaint for Declaratory and Injunctive Relief and for Damages, with attached exhibits A-D, filed. s/Plumb, Esq. s/Morissette, Plaintiff<br>Case File Notice mailed to atty.<br>Motion for Temporary Restraining Order, with Notice and Preliminary Injunctic with Incoporated Memorandum of Law, filed. s/Plumb, Esq.<br>Attorney's Certificate, filed. s/Plumb, Esq.<br>Proposed Temporary Restraining Order, filed.<br><br>Set for hearing on 8/16/00 at 10:30 a.m. in Auburn. |
| 8/17/00 | Hearing had in Auburn on Motion for Temporary Restraining Order, Hon. Kirk Studstrup Presiding. (Stockford, C.R.)<br>Peter Plumb, Esq. and Robert Ringer, Esq. present for hearing.<br><br>Defendant called Timothy Somes to testify.<br>Defendant exhibits 1-10 offered and admitted.<br><br>Court to issue order.<br><br>TEMPORARY RESTRAINING ORDER WITH NOTICE, Studstrup, J.<br>Copies and corrected certified copies given to attys by Auburn clerk's office |
| 9/7/00 | Notice of setting of preliminary/permanent injunction on 10/19/00 at 9:00 a.m sent to attys of record. |
| 9/11/00 | Acceptance of Service, filed. s/Ringer, Esq. |
| 9/26/00 | Answer, Affirmative Defenses and Counterclaim, filed. s/Ringer, Esq. |
| 9/27/00 | Reply to Defendant's Counterclaim, filed. s/Plumb, Esq. |
| 10/19/00 | Hearing had on Motion for Preliminary/Permanent Injunction, Hon. Kirk S. Studstrup Presiding. (Enoch, C.R.)<br>Peter Plumb, Esq. and Robert Ringer, Esq. present. |